**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**GLENN ALLEN LEWIS (# 106063),**                                                    **PETITIONER**

**v.**                                                                                            **No. 3:07CV158-P-A**

**MARGARET BINGHAM, ET AL.**                                                      **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Glenn Allen Lewis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and Lewis has responded to the motion. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted and instant petition dismissed as untimely filed.

### Facts and Procedural Posture

On August 11, 2004, Lewis was convicted in the Circuit Court of Grenada County, Mississippi, of armed robbery. As a result, on August 18, 2004, he was sentenced to serve a term of eighteen years in the custody of the Mississippi Department of Corrections. Lewis appealed this decision to the Mississippi Supreme Court, which affirmed his conviction and sentence on November 8, 2005. *Lewis v. State*, 914 So. 2d 775 (Miss. App. 2005) (Cause No. 2004-KA-01802-COA). Lewis filed neither a motion for rehearing in the Mississippi Court of Appeals nor sought a writ of *certiorari* to the Mississippi Supreme Court. Lewis filed an application for post-conviction relief in the Mississippi Supreme Court, which was signed on June 23, 2007. He filed the instant federal petition for a writ of *habeas corpus* on December 3, 2007.

**One Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Lewis' conviction became final on November 22, 2005, fourteen days[1] after the date on which his direct appeal ended (November 8, 2005 + 14 days).  As such, his federal *habeas corpus* petition one-year limitations period expired on November 22, 2006.  He did not file an application for state post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before November 22, 2006, to toll the limitations period.

---

[1]The time period during which he could have sought additional appellate review after his conviction was affirmed is added to the date his direct review ended.  *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); MISS. R. APP. P. 40(a).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on November 22, 2007, and the date it was received and stamped as "filed" in the district court on December 3, 2007. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 365 days after the November 22, 2006, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of December, 2008.


/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE